**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-2512

CLASSIC BRANDS, LLC, a Colorado Limited Liability Company,

        Plaintiff,

   v.

THE NYLEN CORPORATION d/b/a WOODLINK, LTD., an Iowa corporation,
AKERUE INDUSTRIES, LLC d/b/a KAY HOME PRODUCTS, an Ohio Limited Liability Company, and
JOHN J. MURRAY, an individual.

        Defendant.

## COMPLAINT

Plaintiff Classic Brands, Inc., by and through its undersigned counsel, brings this action against the Nylen Corporation d/b/a Woodlink, Ltd., Akerue Industries, LLC, d/b/a Kay Home Products, Inc., and John J. Murray (together "Defendants") and alleges as follows:

### THE PARTIES

1. Classic Brands, LLC, is a Colorado Limited Liability Company with its principal place of business located at 3600 S. Yosemite, Suite 1000, Denver, CO 80237.

2. The Nylen Corporation is an Iowa corporation that does business under the name Woodlink, Ltd. ("Woodlink") and is located at 1500 Woodlink Drive, Mount Ayr, Iowa 50854.

3. Akerue Industries, LLC is an Ohio corporation that does business under the name Kay Home Products ("Kay Home Products") with its principal place of business located at 90

McMillen Road, Antioch, Illinois 60002. Akerue Industries, LLC also does business under the name Woodlink, LLC.

4. Upon information and belief, Woodlink merged with Kay Home Products, and such merger was announced on June 21, 2011. *See* merger announcement, attached as **Exhibit 1**.

5. Upon information and belief, John J. Murray ("Murray") is a principal, officer, director, manager, shareholder, employee, and/or agent of Woodlink and Kay Home Products.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court also has original subject-matter jurisdiction of this action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states wherein the subject matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants reside in this District and the acts of infringement which form the basis of this action occurred within this District. Defendants have engaged in activities such as attending order writing trade shows in this District, promoted and/or sold their products in this District, and otherwise directed their sales and marketing activities to those residing in this District. For example, Defendants attended True Value and Ace Hardware fall conventions in this District, wherein they promoted and sold their products.

9. Personal jurisdiction and venue are also proper in this District pursuant to 28 U.S.C. §1391(a) based on the diversity of citizenship.

## GENERAL ALLEGATIONS

*A. Infringement of Classic Brands' Design Patent*

10. On March 28, 2012, Classic Brands filed an application for a design patent with the United States Patent and Trademark, Application No. 29/416,890, entitled "Nectar Bottle For A Bird Feeder" (the "Krueger Application).

11. On March 19, 2013, Classic Brands' application matriculated into a US design Patent, US D678,628 S (the "'628 Patent"). The claim in the '628 Patent is for "[t]he ornamental design for a nectar bottle for a bird feeder, as shown and described." Classic Brands was reflected as the assignee of the '628 Patent.

12. On March 25, 2014, Classic Brands filed a Reissue Application for the '628 Patent. On October 6, 2015, the Reissue Application matured into a reissued design patent, US RE45,715 (the "'715 Patent"). *See* '715 Patent, attached as **Exhibit 2**.

13. The '715 Patent claims an "ornamental design for a nectar bottle for a bird feeder, as shown and described." Figures 1 and 2 below illustrate the claimed design.

 

FIG. 1    FIG. 2

14.   In the spring of 2011, Classic Brands launched its Diamond Hummingbird Feeder, which utilizes its patented "swirl" design and unique trade dress (the "Classic Brands Feeder").

15.   After the introduction of the Classic Brands Feeder, Defendants utilized the swirl design and other unique features of the Classic Brands Feeder to create the Cherry Valley Feeder, the Audubon Feeder, and other similar infringing feeders (together "Accused Products").

16.   The Cherry Valley Feeder is a nearly identical replica of the Classic Brands Feeder and uses Classic Brands' patented swirl bottle design.  *See* Cherry Valley Feeder below.

4

  

FIG. 2
'715 Patent      Accused Cherry Valley Feeder

17. The Audubon Feeder is also nearly identical replica of the Classic Brands Feeder and also utilizes the patented swirl bottle design. *See* Audubon Feeder below.

  

FIG. 2
'715 Patent      Accused Audubon Feeder

### B.     *Infringement of Classic Brands' Product Design Trade Dress*

18.     The Classic Brands feeder depicted below ("Classic Brands Feeder") has a unique and distinctive look and feel which differentiates it from the other products on the market. The non-functional aspects of the Classic Brands Feeder design constitute its product design Trade Dress, which is the property of Classic Brands.



Classic Brands Feeder

19.     Since the introduction of the Classic Brands Feeder, Classic Brands has consistently and continuously marketed and sold it through major retailers throughout the United States. As a result of these sales and promotional efforts, the Classic Brands Feeder has become distinctive, and known as a quality product manufactured by Classic Brands.

20.     The Accused Products are nearly identical copies of the Classic Brands Feeder. The Accused Products appropriate nearly every feature of the Trade Dress of the Classic Brands Feeder.

21.     Because its non-functional aesthetic features are nearly identical to that of the Classic Brands Feeder, consumers would likely be confused and led to believe that they are purchasing a Classic Brands Feeder, as opposed to one manufactured by one of the Defendants.

22.     The Defendants are selling the Accused Products in the exact same channels of commerce in which Classic Brands markets and sells the Classic Brands Feeder, resulting in lost sales and lost profits for Classic Brands.

23.     The Classic Brands Feeder and the Accused Products are nearly identical.

24.     The similarities between the Classic Brands Feeder and the Accused Products are numerous (*see* photographs below), and include at least the following:

- The feeders all have the same shape and proportionate dimensions, including a thirty ounce tall clear glass bottle, with an approximate seven and one-half inch height and three inch diameter, and a swirl pattern comprised of approximately one-half inch wide twisted fluting angled approximately thirty five-degrees from left to right;

- The Classic Brands Feeder and the Cherry Valley Feeder both have a colored transparent lower portion and colored transparent upper portion;

- The feeders all have distinctive yellow daisies, equally spaced along a convex portion of a base unit, and approximately one inch in diameter; and

- The feeders all have a base unit that has a unique shape and protruding semi-circular body-colored perches, equally spaced around the mid-portion of the base unit.

  

    Classic Brands Feeder                        Accused Products

25. Because of the similarities between the Classic Brands Feeder and the Accused Products, they all appear to be made by the same manufacturer and are liable to mislead the consuming public into believing the same.

C. *Defendants' Collective Wrongful Acts*

26. Upon information and belief, at all times material to this Complaint, Murray actively and knowingly participated in, assisted with, cooperated with, directed, sanctioned, profited from, aided and abetted in, or otherwise implemented directly the wrongful acts of Woodlink and Kay Home Products described in this Complaint.

27. Upon information and belief, at all times material to this Complaint, Woodlink, Kay Home Products, Murray, and their agents were the alter egos of each other and are liable for each other's conduct as it relates to the wrongful acts described in this Complaint.

28. Upon information and belief, at all times material to this Complaint, Woodlink, Kay Home Products, Murray, and their agents had a joint interest in property, their actions or conduct showed cooperation in manufacturing, advertising, offering for sale, and selling the Accused Products, and they had an agreement, express or implied, to share in the profits and

8

losses of the venture, and as such, formed an enterprise and each is liable with each other for the wrongful acts of the enterprise.

## FIRST CLAIM FOR RELIEF
### Patent Infringement

29. Classic Brands repeats the allegations in the preceding paragraphs as though fully set forth herein.

30. Krueger, on behalf of Classic Brands, invented a new, original and ornamental design for an article of manufacture and, accordingly, was granted the '628 Patent pursuant to 35 U.S.C. § 171.

31. Krueger assigned the '628 Patent to Classic Brands, and such assignment was effective as of the date of issuance.

32. On October 6, 2015, Krueger was also granted the reissued '715 Patent pursuant to 35 U.S.C. § 171.

33. Krueger assigned the '715 Patent to Classic Brands, and such assignment was effective as of the date of issuance.

34. By making, using, offering for sale, selling, and/or importing its infringing products, including the Accused Products, each of the Defendants have infringed the '628 Patent.

35. By making, using, offering for sale, selling, and/or importing its infringing products, including the Accused Products, each of the Defendants have infringed, and currently infringe, the '715 Patent.

36. The Defendants also infringe the '628 Patent and infringe the '715 Patent indirectly by inducing others to directly infringe those patents. For example, True Value and Walmart each infringe the Classic Brands patents by selling and offering for sale the Accused

Products. The Defendants sell the infringing products to retailers such as True Value and Walmart, and otherwise induce their infringing acts with specific intent to encourage their infringement. Upon information and belief, each of the Defendants knew of the '628 Patent and/or the '715 Patent. Such infringing sales occurred within the District of Colorado.

37. Classic Brands is being irreparably harmed by the Defendants' continued infringement and, unless each of the Defendants and their respective agents, employees, representatives, affiliates and all others acting in concert with it are enjoined from infringing the '715 Patent, Classic Brands will continue to be irreparably harmed.

38. Classic Brands has no adequate remedy at law.

39. The Defendants' continued infringement of the '715 Patent is causing Classic Brands injury, and Classic Brands is entitled to recover damages in an amount to be proven at trial. Among other remedies, Classic Brands is entitled to lost profits or, in the alternative, no less than a reasonable royalty.

40. Any use, sale, offer for sale, importation, or manufacture of infringing products will demonstrate objectively reckless conduct with respect to Classic Brands' patent rights. As a result, any such continued infringement constitutes willful infringement of the '715 Patent and entitles Classic Brands to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CLAIM FOR RELIEF
**Product Design Trade Dress (15 U.S.C. § 1125(a))**

41. Classic Brands repeats the allegations in the preceding paragraphs as though fully set forth herein.

42. One or more features of the Classic Brands Feeder constitute protectable Trade Dress of Classic Brands ("Trade Dress"). Such Trade Dress includes the overall appearance of the Classic Brands Feeder, but does not include features that are functional.

43. The Classic Brands Trade Dress is inherently distinctive and/or have become distinctive through acquisition of secondary meaning.

44. The Defendants have infringed, and continue to infringe, Classic Brands' Trade Dress with the marketing and selling of its Accused Products.

45. Potential customers have been confused, and likely will continue to be confused, by Defendants' Accused Products, and as a result of that confusion, may think that the Defendants are affiliated, connected or associated with Classic Brands or that its Accused Products originated with, or are sponsored or approved by, Classic Brands.

46. Pursuant to 15 U.S.C. § 1125(a), the Defendants are liable for damages in an amount to be determined at trial.

## JURY DEMAND

Classic Brands demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Classic Brands requests that this Court enter judgment in its favor and against Kay Home Products, Woodlink and Murray on all claims as follows:

A. Finding, declaring and adjudging that each of the Defendants have infringed the '628 Patent;

B. Finding, declaring and adjudging that each of the Defendants have infringed the '715 Patent;

11

C.      Finding, declaring and adjudging that Classic Brands has established product design Trade Dress, and that the Defendants infringed that Trade Dress;

D.      Awarding Classic Brands damages against the Defendants in an amount adequate to compensate Classic Brands for the patent infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

E.      Awarding Classic Brands damages in an amount adequate to compensate it for the infringement of its Trade Dress in an amount to be determined at trial, but no less than (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action pursuant to 15 U.S.C. § 1117;

F.      Enjoining Woodlink and Kay Home Products, and their respective officers, directors, members, managers, agents, employees, shareholders and/or affiliates, Murray, and all others acting in concert with Woodlink, Kay Home Products, and Murray from any further manufacture, use, sale, offering for sale, importing, or marketing of the Accused Products or any other product that infringes the '715 Patent or Classic Brands' Trade Dress;

G.      Finding the Defendants' infringement to be willful and awarding Classic Brands three times the amount of the Defendants' actual damages pursuant to 35 U.S.C. § 284;

H.      Finding this to be an exceptional case under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding Classic Brands its costs (including expert witness fees), disbursements, and reasonable attorney fees incurred in this action, and such other relief as may be appropriate;

I.      Awarding Classic Brands pre-judgment interest and post-judgment interest as allowed by law; and

J.      Granting such other and further relief as this Court may deem just and proper.

DATED this 16th day of November, 2015.

                                             s/ *Michael P. Dulin*
                                             Michael P. Dulin
                                             **POLSINELLI PC**
                                             1515 Wynkoop, Suite 600
                                             Denver, CO  80202
                                             Telephone: 303-572-9300
                                             FAX:  303-572-7883
                                             E-mail:  mdulin@polsinelli.com
                                             *Attorneys for Plaintiff Classic Brands, LLC*

Address of Plaintiff:
3600 S. Yosemite, Suite 1000
Denver, CO 80237